**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| RICHARD GEORGE, | ) | |
| STEVEN LEAVITT, | ) | CASE NO. 1:13-cv-01819 |
| SANDRA LEAVITT, | ) | |
| DARRELL DALTON, | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| URBAN SETTLEMENT SERVICES d/b/a | ) | |
| URBAN LENDING SOLUTIONS, | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT URBAN LENDING'S ANSWER TO**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendant Urban Settlement Services ("Urban Lending") answers the First Amended Complaint (ECF No. 12, hereinafter, the "Complaint") filed by Plaintiffs Richard George, Steven and Sandra Leavitt, and Darrell Dalton as follows. This answer is made without waiving, but expressly reserving, all rights Urban Lending has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint, and expressly reserving its right to amend or supplement any responses or defenses set forth herein as its investigation progresses. Except as expressly admitted herein, Urban Lending denies all allegations in the Complaint, and answers the allegations set forth in the Complaint as follows.

## I.    INTRODUCTION

Plaintiffs make the following allegations based on investigation of counsel, public records, accounts of homeowners with mortgages serviced by Bank of America ("BOA"), interviews with individuals formerly employed by Defendants, and sworn statements of

Defendants' former employees. The allegations in the complaint can be further supported by documents BOA was compelled to produce in the case styled In re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation, No. 1:10-md-02193-RWZ (D.Mass.). These documents, including the deposition testimony of a current employee of Defendant Urban Settlement Services ("Urban"), and documents corroborating specific facts recounted by former employees, have not served as the basis of any allegations in this complaint because BOA designated these documents as "confidential" under a Protective Order. BOA refused Plaintiffs' request that it allow specified documents to be relied upon for purposes of this complaint. Plaintiffs allege as follows:

<u>Answer:</u>    Urban Lending denies the allegations in Plaintiffs' introductory statement.

1.     Urban is without knowledge or information sufficient to form a belief as to the truth of allegations asserted in Paragraph 1 and, therefore, denies them.

2.     Urban is without knowledge or information sufficient to form a belief as to the truth of allegations asserted in Paragraph 2 and, therefore, denies them.

3.     Urban is without knowledge or information sufficient to form a belief as to the truth of allegations asserted in Paragraph 3 and , therefore, denies them.

4.     Urban Lending denies the allegations in Paragraph 4.

5.     Urban Lending denies the allegations in Paragraph 5 except admits only that BOA directed certain homeowners seeking trial loan modifications under HAMP to send financial information to Urban.

6.     Urban Lending denies the allegations in Paragraph 6.

7.      Urban Lending denies the allegations in Paragraph 7.

8.      Urban Lending denies the allegations in Paragraph 8.

9.      Urban Lending denies the allegations in Paragraph 9.

10.     Urban Lending denies the allegations in Paragraph 10.

11.     Urban Lending denies the allegations in Paragraph 11.

## II.      JURISDICTION AND VENUE

12.     Urban Lending denies the allegations in Paragraph 12.  Urban Lending lacks

sufficient information to admit or deny the allegations pertaining to parties other than Urban

Lending and therefore denies the same.  Urban Lending does not respond to the allegations in

Paragraph 11 that state a legal conclusion to which no response is required.

13.     Urban Lending does not respond to Paragraph 13 which states a legal conclusion

to which no response is required except that Urban specifically denies that it violated RICO.

14.     Urban Lending does not respond to Paragraph 14 which states a legal conclusion

to which no response is required except to admit only that it has its offices in Colorado and

transacts business in Colorado.

## III.      PARTIES

15.     Urban Lending is without knowledge or information sufficient to form a belief as

to the truth of allegations asserted in Paragraph 15 and, therefore, denies them.

16.     Urban Lending is without knowledge or information sufficient to form a belief as

to the truth of allegations asserted in Paragraph 16 and, therefore, denies them.

17.     Urban Lending is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 and, therefore, denies them.

18.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.     Urban Lending admits the allegations in Paragraph 19.

20.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

## IV.     FACTUAL BACKGROUND

**A.     The Foreclosure Crisis**

21.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 except to direct the Court to the cited publications for a complete and accurate statement of their contents.

22.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them except to admit that certain mortgages have prepayment penalties and adjustable rates and to direct the Court to the cited publications for a complete and accurate statement of their contents.

23.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them except to direct the Court to the cited publications for a complete and accurate statement of their contents.

**B.    HAMP Was Created as a Clear, Streamlined Method for Borrowers to Modify Loans and Avoid Foreclosure**

25.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them except to admit that the United States government developed the MHA program and HAMP and one of the many reasons was to help certain homeowners stay in their homes.

26.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 and directs the Court to the referenced statement of President Obama for a complete and accurate statement of its contents.

27.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

28.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

30.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies them except to direct the

Court to the cited and referenced publications for a complete and accurate statement of their contents.

**C.      HAMP Eligibility**

31.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete accurate statement of their contents.

32.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

33.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

34.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

35.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies them except to direct the

Court to the cited and referenced publications for a complete and accurate statement of their contents.

36.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

37.     Urban Lending denies the allegations in Paragraph 37 except to direct the Court to the various Trial Period Plan documents at issue; which speak for themselves, for a complete and accurate statement of their contents.

38.     Urban Lending Urban Lending denies the allegations in Paragraph 38 except to direct the Court to the various Trial Period Plan documents at issue; which speak for themselves, for a complete and accurate statement of their contents.

39.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

40.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

41.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies them.

42.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

43.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

44.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

45.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

46.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

47.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

48.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies them.

49.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

**D.      BOA Used Urban to Create the Modification Denial Enterprise and a Scheme Designed to Feign Compliance with HAMP while Permanently Modifying as Few Loans as Possible**

**1.      BOA decided it was more profitable to avoid HAMP modifications.**

50.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies them.

51.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies them.

52.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies them except to direct the Court to the referenced testimony for a complete and accurate statement of its contents.

53.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies them except to direct the Court to the referenced website for a complete and accurate statement of its contents.

54.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies them except to direct the Court to the referenced testimony for a complete and accurate statement of its contents.

55.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies them.

56.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies them except to direct the Court to the referenced testimony for a complete and accurate statement of its contents.

57.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies them.

58.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies them.

**2.     BOA and Urban fraudulently delayed and denied HAMP loan modifications.**

59.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them except to direct the Court to the referenced testimony for a complete and accurate statement of its contents.

60.     Urban Lending denies the allegations in the first sentence of Paragraph 60.  Urban Lending is without information or knowledge to form a belief as to the remaining allegations in Paragraph 60 and, therefore, denies them.

61.     Urban Lending denies the allegations in the first sentence of Paragraph 61.  Urban Lending is without information or knowledge to form a belief as to the remaining allegations in Paragraph 61 and, therefore, denies them.

62.     Urban is without information or knowledge to form a belief as the remaining allegations in Paragraph 62 and, therefore, denies them.

63.     Urban denies the allegations in Paragraph 63 except admits only that Mackler and Sheeks are former Urban employees and that Plaintiffs' counsel has commissioned untruthful declarations from former employees and refers the Courts to those declarations for a complete and accurate statement of their contents

64.     Urban Lending denies the allegations in Paragraph 64 except to admit that Mackler and Sheeks are former Urban employees.

65.     Urban Lending denies the allegations in Paragraph 65 except to admit that BOA tasked Urban to upload financial documents it received from homeowners.

66.     Urban Lending denies the allegations in Paragraph 66.

67.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies them.

68.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies them.

69.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 69 and, therefore, denies them. Urban denies the allegations in the second sentence of Paragraph 69.

70.     Urban Lending is without information or knowledge sufficient to form a belief as to the allegations in paragraph 70, and therefore denies them, except that it specifically denies that BOA put pressure on Urban Lending to close files as fast as possible at the expense of the borrowers.

71.     Urban Lending is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 71, and therefore denies them.

72.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies them except to direct the Court to the referenced testimony for a complete and accurate statement of its contents.

73.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies them except to direct the Court to the cited and referenced publications for a complete and accurate statement of their contents.

74.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies them.

75.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies them.

76.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies them.

77.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies them.

**3.     BOA assigned key HAMP functions to third parties such as Urban.**

78.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies them, except to admit only

that BOA contracted with Urban Lending to provide certain services to BOA within parameters BOA set.

79.     Urban Lending denies the allegations in Paragraph 79.

80.     Urban Lending denies the allegations in Paragraph 80 except to admit only that Urban at all times maintained separate offices and a separate corporate identity and ownership from BOA and that BOA contracted with Urban Lending to provide certain services to BOA within parameters BOA set.

81.     Urban Lending denies the allegations in Paragraph 81 except admits that BOA contracted with Urban Lending to provide specific services related to HAMP.

82.     Urban Lending denies the allegations in Paragraph 82 except admits that BOA contracted with Urban Lending to provide services related to HAMP.

83.     Urban Lending denies the allegations in Paragraph 83.

84.     Urban Lending denies the allegations in Paragraph 84 except to admit that BOA contracted with Urban Lending to perform services related to financial documents customers sent BOA and that Urban could upload documents so that BOA could review the documents.

85.     Urban Lending denies the allegations in Paragraph 85 except admits that BOA contracted with Urban Lending to provide services related to HAMP.

86.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies them.

87.     Urban Lending denies the allegations in Paragraph 87.

88.     Urban Lending denies the allegations in Paragraph 88 except to admit that BOA directed certain borrowers to send certain documents to Urban Lending to provide services related to the processing of those documents.

89.     Urban Lending denies the allegations in Paragraph 89 except to admit that BOA engaged Urban Lending to provide certain services relating to the processing of HAMP modifications, including handling certain communications with BOA customers.

90.     Urban Lending denies the allegations in Paragraph 90.

91.     Urban Lending denies the allegations in Paragraph 91.

92.     Urban Lending denies the allegations in Paragraph 92.

93.     Urban Lending denies the allegations in Paragraph 93 except to admit that certain Urban Lending employees identified in Paragraph 93 had responsibilities relevant to HAMP.

**4.     BOA and Urban fraudulently denied loan modifications.**

94.     Urban Lending denies the allegations in Paragraph 94.

95.     Urban Lending denies the allegations in Paragraph 95.

96.     Urban Lending denies the allegations in Paragraph 96.

97.     Urban Lending denies the allegations in Paragraph 97 and admits only that it followed the guidelines and requirements for HAMP programs.

98.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, denies them.  Urban Lending

specifically denies the allegations in Paragraph 98 to the extent they suggest any wrongful conduct by Urban Lending.

99.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies them.  Urban Lending specifically denies the allegations in Paragraph 99 to the extent they suggest any wrongful conduct by Urban Lending.

100.    Urban denies the allegations in Paragraph 100.

101.    Urban denies the allegations in Paragraph 101.

102.    Urban denies the allegations in Paragraph 102.

103.    Urban denies the allegations in Paragraph 103 except to admit that it engaged in efforts to respond to customers inquiries.

104.    Urban denies the allegations in Paragraph 104.

105.    Urban denies the allegations in Paragraph 105.

106.    Urban denies the allegations in Paragraph 106.

107.    Urban Lending denies the allegations in Paragraph 107 and directs the Court to the referenced testimony for a complete and accurate statement of its contents.

**5.     Urban and BOA executives knew loan modifications were being fraudulently denied and encouraged the fraud to continue.**

108.    Urban Lending denies the allegations in Paragraph 108.

109.     Urban Lending denies the allegations in Paragraph 109 except to admit that Mr. Beranich is a former Urban Lending Vice President and that Mackler, Farmer and White are former Urban employees.

110.     Urban Lending denies the allegations in Paragraph 110 except to admit that Mr. Stevens is a former Urban Lending employee.

111.     Urban Lending denies the allegations in Paragraph 111 except to admit that Shane Stahl was a Manager of Executive Customer Relations at Urban Lending.

112.     Urban Lending denies the allegations in Paragraph 112 except to admit Elizabeth McManaman was a unit manager for Urban.

113.     Urban Lending denies the allegations in Paragraph 113.

114.     Urban Lending denies the allegations in Paragraph 114 except to admit that Mr. Nicholson was a BOA employee who oversaw Urban Lending's work for BOA.

115.     Urban Lending denies the allegations in Paragraph 115.

116.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, denies them.  Urban Lending specifically denies the allegations in Paragraph 116 to the extend they suggest any wrongful conduct by Urban Lending.

117.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, therefore, denies them.

118.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, therefore, denies them.

119.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, therefore, denies them.

**6.      Notices provided by BOA and Urban were fraudulent.**

120.     Urban Lending denies the allegations in Paragraph 120.

121.     Urban Lending denies the allegations in Paragraph 121.

122.     Urban Lending denies the allegations in Paragraph 122.

123.     Urban Lending denies the allegations in Paragraph 123.

124.     Urban Lending denies the allegations in Paragraph 124.

125.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, therefore, denies them.

**E.      BOA's Actions Caused Injury to Plaintiffs**

126.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, therefore, denies them.  Urban Lending specifically denies the allegations in Paragraph 126 to the extent they suggest any wrongdoing by Urban Lending or that Urban Lending caused Plaintiffs any injury.

127.     Urban Lending denies the allegations in Paragraph 127.

128.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, therefore, denies them.

**F.     BOA Has Been Recognized as the Single Worst Performing Servicer under HAMP**

129.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, therefore, denies them.

130.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, therefore, denies them.

131.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, therefore, denies them.

132.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, therefore, denies them.

133.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, therefore, denies them.

## V.     CLAIMS OF NAMED PLAINTIFFS

**A.     Steven and Sandra Leavitt**

134.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, therefore, denies them.

135.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, therefore, denies them.

136.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, therefore, denies them.

137.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, therefore, denies them.

138.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, therefore, denies them.

139.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, therefore, denies them.

140.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies them.

141.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

142.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, therefore, denies them.

143.     Urban Lending denies the allegations in Paragraph 143 except to admit that the Leavitts send certain documents to BOA prior to mid-December 2012.  Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding the Leavitts subjective beliefs and, therefore, denies them.

144.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, therefore, denies them.

145.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, therefore, denies them.

146.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

147.     Urban Lending denies the allegations in Paragraph 147 except that Urban is without information or knowledge sufficient to form a belief as to the truth of the allegation regarding the Levitts' subjective beliefs.

148.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

149.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, therefore, denies them.

150.     Urban Lending denies the allegations in Paragraph 150 except directs the Court to the referenced letter for a complete and accurate statement of its contents.  Urban Lending is without sufficient to form a belief as to the truth of the allegations regarding the Leavitts' subjective beliefs and, therefore, denies them.

151.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, therefore, denies them.

152.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, therefore, denies them.

153.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 153 except to direct the Court to the referenced document for a complete and accurate statement of its contents.

154.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, therefore, denies them.

155.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, therefore, denies them.

156.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, therefore, denies them.

157.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, therefore, denies them.

158.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, therefore, denies them.

159.     Urban Lending denies the allegations in Paragraph 159.

160.     Urban Lending denies the allegations in Paragraph 160.

161.   Urban Lending denies the allegations in Paragraph 161.

162.   Urban Lending denies the allegations in Paragraph 162.

**B.     Richard George**

163.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, therefore, denies them.

164.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, therefore, denies them.

165.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, therefore, denies them.

166.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, therefore, denies them.

167.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, therefore, denies them.

168.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, therefore, denies them.

169.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

170.   Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, therefore, denies them.

171.    Urban Lending denies the allegations in Paragraph 171 except to admit that Mr. George supplied certain documentation to Bank of America on or around May 18, 2010.  Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding whether Mr. George tracked the federal express package or regarding his subjective beliefs and, therefore, denies those allegations.

172.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

173.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, therefore, denies them.

174.    Urban Lending denies the allegations in Paragraph 174 except admits that Mr. George signed and returned the FHA-HAMP Trial Period Plan to Bank of America in mid-July 2010.  Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding Mr. George's subjective beliefs and, therefore, denies them.

175.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, therefore, denies them.

176.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, therefore, denies them.

177.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, therefore, denies them.

178.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, therefore, denies them.

179.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

180.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

181.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, therefore, denies them.

182.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, therefore, denies them.

183.    Urban Lending denies the allegations in Paragraph 183 except to admit that Bank of America re-sent permanent modification documents to Mr. George after he did not return the previous documents in a timely and correct manner.

184.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, therefore, denies them.

185.    Urban Lending denies the allegations in Paragraph 185 except to admit that Mr. George sent modification documents to Bank of America on or around March 11, 2013.

186.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, therefore, denies them.

187.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, therefore, denies them.

188.     Urban denies the allegations in Paragraph 188.

189.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, therefore, denies them.

190.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, therefore, denies them.

191.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, therefore, denies them.

192.     Urban denies the allegations in Paragraph 192.

**C.      Darrell Dalton**

193.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, therefore, denies them.

194.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, therefore, denies them.

195.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, therefore, denies them.

196.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, therefore, denies them.

197.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, therefore, denies them.

198.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, therefore, denies them.

199.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, therefore, denies them.

200.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, therefore, denies them.

201.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, therefore, denies them.

202.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, therefore, denies them.

203.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, therefore, denies them.

204.     Urban denies the allegations in Paragraph 204.

205.     Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, therefore, denies them.

206.    Urban Lending denies the allegations in Paragraph 206.

207.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, therefore, denies them.

208.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

209.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, therefore, denies them.

210.    Urban Lending denies the allegations in Paragraph 210.

211.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

212.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 212 and, therefore, denies them.

213.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, therefore, denies them.

214.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

215.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, therefore, denies them except to direct the Court to the referenced document for a complete and accurate statement of its contents.

216.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 216 and, therefore, denies them.

217.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 217 and, therefore, denies them.

218.    Urban Lending denies the allegations in Paragraph 218.

219.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 219 and, therefore, denies them.

220.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 220 and, therefore, denies them.

221.    Urban Lending is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 221 and, therefore, denies them.

222.    Urban Lending denies the allegations in Paragraph 222.

223.    Urban Lending denies the allegations in Paragraph 223.

224.    Urban Lending denies the allegations in Paragraph 224.

## VI.    CLASS ACTION ALLEGATIONS

225.    Urban Lending repeats and incorporates its responses to Paragraphs 1-224.

226.    Urban Lending denies the allegations in Paragraph 226 except to admit that Plaintiffs purport to bring this action as a class action.

**A.     National RICO Classes and State Class**

227.    Urban Lending denies the allegations in Paragraph 227 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

228.    Urban Lending denies the allegations in Paragraph 228 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

229.    Urban Lending denies the allegations in Paragraph 229 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

230.    Urban Lending denies the allegations in Paragraph 230 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

231.    Urban Lending denies the allegations in Paragraph 231 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

232.    Urban Lending denies the allegations in Paragraph 232 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

233.    Urban Lending denies the allegations in Paragraph 233 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

234.    Urban Lending denies the allegations in Paragraph 234 except admits that Plaintiffs purport to bring this action as a class action. Urban Lending specifically denies that this action is properly certifiable as a class action.

235.    Urban Lending denies the allegations in Paragraph 235.

236.    Urban Lending denies the allegations in Paragraph 236.

237.    Urban Lending denies the allegations in Paragraph 237.

238.    Urban Lending denies the allegations in Paragraph 238.

239.    Urban Lending denies the allegations in Paragraph 239.

240.    Urban Lending is without sufficient information or knowledge to admit or deny the allegations in Paragraph 240 and, therefore, denies them.

241.    Urban Lending denies the allegations in Paragraph 241.

242.    Urban Lending denies the allegations in Paragraph 242.

## VII.    EQUITABLE TOLLING, DISCOVERY RULE REGARDING STATUTES OF LIMITATIONS

243.    Urban Lending denies the allegations in Paragraph 243.

244.    Urban Lending denies the allegations in Paragraph 244.

245.     Urban Lending denies the allegations in Paragraph 245.

## VIII.   COUNTS

### COUNT I

**BY THE NATIONAL RICO CLASS, THE NATIONAL RICO SUBCLASS,
AND THE NATIONAL EXTORTION SUBCLASS**

**Violation of Racketeer Influenced and Corrupt
Organizations Act, 18 U.S.C. § 1962(c)**

246.     Urban Lending incorporates its responses to Paragraphs 1-245.

**A.     RICO Enterprise**

247.     Urban Lending denies the allegations in Paragraph 247.

248.     Urban Lending denies the allegations in Paragraph 248.

249.     Urban Lending denies the allegations in Paragraph 249.

250.     Urban Lending denies the allegations in Paragraph 250.

251.     Urban Lending denies the allegations in Paragraph 251.

**B.     Mail and Wire Fraud**

252.     Urban Lending denies the allegations in Paragraph 252.

253.     Urban Lending denies the allegations in Paragraph 253.

254.     Urban Lending denies the allegations in Paragraph 254.

255.     Urban Lending denies the allegations in Paragraph 255.

256.     Urban Lending denies the allegations in Paragraph 256.

257.     Urban Lending denies the allegations in Paragraph 257.

258.     Urban Lending denies the allegations in Paragraph 258.

259.     Urban Lending denies the allegations in Paragraph 259.

260.     Urban Lending denies the allegations in Paragraph 260.

261.     Urban Lending denies the allegations in Paragraph 261.

262.     Urban Lending denies the allegations in Paragraph 262.

**C.     Extortion**

263.     Urban Lending denies the allegations in Paragraph 263.

264.     Urban Lending denies the allegations in Paragraph 264.

265.     Urban Lending denies the allegations in Paragraph 265.

266.     Urban Lending denies the allegations in Paragraph 266.

267.     Urban Lending denies the allegations in Paragraph 267.

268.     Urban Lending denies the allegations in Paragraph 268.

**D.     Pattern of Racketeering**

269.     Urban Lending denies the allegations in Paragraph 269.

270.     Urban Lending denies the allegations in Paragraph 270.

271.     Urban Lending denies the allegations in Paragraph 271.

272.     Urban Lending denies the allegations in Paragraph 272.

273.     Urban Lending denies the allegations in Paragraph 273.

274.     Urban Lending denies the allegations in Paragraph 274.

## COUNT II

### AGAINST BOA DEFENDANTS ON BEHALF OF
### THE PROMISSORY ESTOPPEL CLASS

**Promissory Estoppel**

**Urban Lending does not respond to allegations 275-282 as these allegations are directed at BOA.  To the extent any response is required, they are denied.**

### DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure of performance of their obligations under the underlying note and mortgage.

3.     Plaintiffs' claims are barred, in whole or in part, by release, estoppel, laches, waiver, unclean hands, and/or other equitable doctrines.

4.     Plaintiffs' claims are barred, in whole or in part, by principles of *res judicata*, collateral estoppel, claim preclusion, judgment, or similar concepts.

5.     Plaintiffs' claims are barred, in whole or in part, by the absolute immunity that attaches to communications made in connection with pending litigation under the litigation privilege.

6.     Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, consent, affirmation, and acquiescence.

8.      Plaintiffs' claims are barred, in whole or in part, because Urban Lending was justified or excused in its actions.

9.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs released, relinquished, abandoned, and/or gave up the right the rights and privileges, if any, that Plaintiffs allege in the Complaint.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction, and/or recoupment.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of revocation, impossibility, and/or frustration of purpose.

12.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to meet conditions precedent and/or subsequent, including the condition of making all trial payments in full and on time, the condition of all representations made by Plaintiffs in their Trial Period Plans being and remaining true, the condition of returning properly executed modification documents within the required period of time, and any other conditions applicable to Plaintiffs' qualifications for a permanent loan modification.

13.     Plaintiffs' claims are barred, in whole or in part, because the actions of Bank of America and Urban Lending were permitted by and/or required by applicable federal and state law, federal regulations, or guidance or directives issued by the United States Treasury Department, the United States Department of Housing & Urban Development, or other federal agencies, entities under federal control, or government-sponsored entities.

14.     Plaintiffs lack standing under Article III because they suffered no actual injury. *See Spokeo v. Robins*, 578 U.S. ---, ---, 136 S. Ct. 1540, 1549-50 (2016).

15.     Plaintiffs lack statutory standing under RICO because they were not "injured in [their] business or property," *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985), and/or did not suffer concrete financial loss. *See Gibbs-Squires v. Urban Settlement Servs.*, 623 F. App'x 917 (10th Cir. 2015).

16.     Plaintiffs' RICO claims are barred because Urban Lending did not participate in an "enterprise" with a purpose, relationships among those associated with enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.

17.     Plaintiffs' RICO claims are barred because Urban Lending did not participate in an "enterprise" distinct from itself.

18.     Plaintiffs' RICO claims are barred insofar as the actions of other purported members of the "enterprise" were performed as part of an agency or other similar relationship with Bank of America.

19.     Plaintiffs' RICO claims are barred because Urban Lending did not commit any of the predicate acts enumerated in 18 U.S.C. § 1961(1), including but not limited to mail fraud or wire fraud.

20.     Plaintiffs' RICO claims are barred because Urban Lending did not engage in a "pattern of racketeering activity" 18 U.S.C. § 1962(c).

21.     Plaintiffs' RICO claims are barred because Plaintiffs' alleged injuries did not occur "by reason of" a RICO violation or a RICO predicate act and were not proximately caused by Urban Lending alleged conduct.

22.     Plaintiffs' RICO claims are barred because Urban Lending did not "conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs." 18 U.S.C. § 1962(c).

23.     Plaintiffs' RICO claims are barred because Plaintiffs were not deceived regarding the requirements to obtain a permanent loan modification under HAMP or otherwise as required to establish the predicate acts of mail or wire fraud.

24.     Plaintiffs' RICO claims are barred because Urban Lending has not used a scheme or artifice to defraud using or causing to be used the United States mails or interstate wire facilities in furtherance of such a scheme as is required to establish the predicate acts of mail fraud or wire fraud.

25.     Plaintiffs' RICO claim is barred to the extent that Plaintiffs' alleged injury is caused "by an overt act that is not an act of racketeering or otherwise wrongful under RICO." *Beck v. Prupis*, 529 U.S. 494, 505 (2000).

26.     Plaintiffs' RICO conspiracy claim is barred because Urban Lending never agreed to participate in a RICO enterprise or commit predicate acts.

27.     Plaintiffs' RICO claims are barred, in whole or in part, by the statute of limitations to the extent any of the purported predicate acts occurred more than four years prior to Plaintiffs' suit.

28.     Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

29.     Plaintiffs' claims are barred or limited, in whole or in part, to the extent they overlap with other actions commenced on their behalf or in which they are or might be a member of a class.

30.     Plaintiffs fail to plead fraud with the required particularity.

31.     Plaintiffs' claims, or recovery for their damages, are or may be barred or limited to the extent that Urban Lending is entitled to set-off any potential recovery in this matter by amounts paid in settlements or judgments resulting from private litigation or regulatory enforcement actions.

32.     Plaintiffs' claims are barred, in whole or in part, because they suffered no actual damages, or because any damages suffered are offset by benefits received by Plaintiffs.

33.     Plaintiffs' alleged damages and injuries, if any, were caused or contributed to by the acts and/or omissions of Plaintiffs or other parties or persons which are not chargeable to Urban Lending, and Plaintiffs' damages, if any, must be reduced proportionately by the fault of Plaintiff or any other such party or person.

34.     Plaintiffs' claims are barred, in whole or in part, because they have failed to join necessary parties.

35.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages or exercise reasonable care and diligence to mitigate their damages.

36.     Plaintiffs' claims are barred, in whole or in part, on jurisdictional grounds.

37.     Plaintiffs' claims are barred to the extent they seek to impose liability on Urban Lending for acts or omissions of third parties.

38.     Plaintiffs' claims are barred, in whole or in part, by the statute of limitations because Plaintiffs are not entitled to the benefit of equitable tolling, the

discovery rule, or any other doctrine that would toll the statute of limitations or postpone the accrual of their claims.

39. Plaintiffs' claims are barred, in whole or in part, because Plaintiff had no reasonable expectancy of an offer of a permanent modification on any specific terms, and thus no damages.

40. Plaintiffs' claims are barred, in whole or in part, to the extent that obligations alleged to be Urban Lending were assumed or succeeded to by another party or parties.

41. The damages Plaintiffs seek must be barred or reduced because the damages sought violate: (a) the excessive fines clause in of the U.S. Constitution, Eighth and Fourteenth Amendments; (b) the contract clause of the U.S. Constitution, Article I, Section 10, Clause 1, and the Fourteenth Amendment; and (c) the due process and equal protection clauses of the U.S. Constitution.

42. This case is not certifiable as a class action under FED. R. CIV. P. 23.

43. The above responses and defenses are based on Plaintiffs' claims individually, with Urban Lending expressly reserving any and all defenses applicable to the claims of absent class members, including, but not limited to, defenses of lack of jurisdiction, standing, preemption, *res judicata*, collateral estoppel, statute of limitations, waiver, laches, discharge in bankruptcy, arbitration, claim preclusion, release, settlement, judgment, or similar concepts; any applicable affirmative defenses; and any other such defenses as may be revealed upon review of the facts and circumstances of their individual transactions.

44.     Urban Lending reserves the right to amend and supplement this answer and to allege additional affirmative defenses based on information or knowledge obtained during future discovery or investigation.

## IX.     PRAYER FOR RELIEF

Urban Lending respectfully prays that the Complaint and each remaining purported claim for relief alleged therein be dismissed with prejudice, that judgment be rendered in favor of Urban Lending, and that Plaintiff take nothing from the claims alleged in the Complaint; that the Court deny class-action certification pursuant to FED. R. CIV. P. 23; that Urban Lending be awarded its attorneys' fees and costs incurred in this action to the maximum extent provided for by law; and for any other relief the Court deems just and proper.

Respectfully submitted,

s/ *Sarah B. Wallace*
Sarah B. Wallace

Martin C. Bryce, Jr.                          wallaces@ballardspahr.com
Ballard Spahr LLP                            Ballard Spahr LLP
1735 Market Street, 51st Floor          1225 17th Street
Philadelphia, PA 19103                     Suite 2300
Telephone: 215.864.8238                  Denver, CO 80202-5597
Facsimile: 215.864.8999                   Telephone: 303.292.3400
                                                    Facsimile: 303.296.3956
                                                    Attorneys for Defendant Urban Lending

Dated:  November 14, 2016.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2016 a true and correct copy of the

foregoing **DEFENDANT URBAN LENDING'S ANSWER TO PLAINTIFFS' FIRST**

**AMENDED COMPLAINT** was electronically served to the following attorneys of record:

Steve W. Berman, Esq.
Tyler Stuart Weaver, Esq.
Hagens Berman Sobol Shapiro, LLP- Seattle
1918 Eighth Avenue
Suite 3300
Seattle, WA 98101-1214
steve@hbsslaw.com

Craig R. Valentine
Hagens Berman Sobol Shapiro LLP
2301 E. Pikes Peak Avenue
Colorado Springs, CO 80909
719.635.0377 (p)
719.635.2920 (f)
craigv@hbsslaw.com
*Attorneys for Plaintiffs*

**And via e-mail to:**

Glenn Stevens
Lydia Holzman
Urban Lending Solutions
11802 Ridge Parkway
Suite 200
Broomfield, CO 80021
lholzman@urban-ls.com
gstevens@urban-ls.com

Peter Korneffel, Esq.
Bryan Cave LLP
1700 Lincoln Street
Suite 4100 Denver, CO 80203
Telephone: 303 866 0233
Facsimile: 303 335 3833
peter.korneffel@bryancave.com

Keith Levenberg, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: 202 346 4248
Facsimile: 202 346 4444
M: 646 229 6886
klevenberg@goodwinprocter.com
*Attorneys for Defendant Bank of America, N.A.*

  *s/ Katya H. Moses*
Katya H. Moses