IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01819-PAB-KLM

RICHARD GEORGE,
STEVEN LEAVITT,
SANDRA LEAVITT,
DARRELL DALTON,
and all others similarly situated,

    Plaintiffs,

v.

URBAN SETTLEMENT SERVICES, d/b/a Urban Lending Solutions, and
BANK OF AMERICA, N.A.,

    Defendants.
_____

## ORDER
_____

This matter is before the Court on the Motion of Defendant Bank of America, N.A. to Strike Class Allegations [Docket No. 69] filed by defendant Bank of America, N.A. ("BOA"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332(d).

The background of this case is discussed in the Court's order dismissing plaintiff's claims [Docket No. 42] and the Tenth Circuit's decision vacating that order and remanding the case to this Court. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1246-47 (10th Cir. 2016).

BOA requests that the Court issue an order "requir[ing] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Specifically, BOA argues that

all of plaintiffs' class-action allegations should be stricken because plaintiffs will not be able to establish that class certification is appropriate. Docket No. 69 at 3. If such relief is denied, BOA asks that the Court strike plaintiffs' class-action promissory estoppel claims brought under the law of states in which the named plaintiffs do not reside because the named plaintiffs lack standing to bring such claims. *Id*. at 11.

BOA admits that the standard for striking class allegations prior to plaintiffs filing a class certification motion is high. *Id*. at 3. To succeed, BOA must show that "'it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.'" *Francis v. Mead Johnson & Co.*, No. 10-cv-00701-JLK, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010) (quoting *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991)) (emphasis added in *Francis*); *see also Wornicki v. Brokerpriceopinion.com, Inc.*, No. 13-cv-03258-PAB-KMT, 2015 WL 1403814, at *4 (D. Colo. Mar. 23, 2015) ("Consistent with these opinions, the Court will only [strike class allegations] if [defendants] are able to show conclusively that plaintiffs will be unable to establish facts that would make class treatment appropriate.").

BOA argues that plaintiffs will be unable to certify a class because "Plaintiffs must also prove they took specific actions in *reliance* on Defendants' statements, which is a formal element of their promissory-estoppel claims and a de facto element of their RICO claims." Docket No. 69 at 7 (footnote omitted) (emphasis original). BOA cites *CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076, 1089 (10th Cir. 2014), for the proposition that "in [RICO] cases arising from fraud, a plaintiff's ability to show a causal connection between defendants' misrepresentation and his or her injury will be

predicated on plaintiff's alleged reliance on that misrepresentation." While acknowledging that *CGC* found it appropriate to draw an "inference of reliance," *id*. at 1089-90, BOA argues that such an inference is not possible under these facts. BOA is correct that the circumstances leading to the inference of reliance in *CGC* do not exist here. But other circumstances may enable the plaintiffs to define subclasses that avoid individualized issues. *Id*. at 1089 ("[W]here circumstantial evidence of reliance can be found through generalized, classwide proof, then common questions will predominate and class treatment is valuable in order to take advantage of the efficiencies essential to class actions.") (citations omitted). In this case, the Tenth Circuit found that plaintiffs had sufficiently alleged detrimental reliance by alleging that "[b]ecause BOA never permanently modified their loans, the plaintiffs allege the lower payments they made in reliance on BOA's promise and in compliance with their obligations under" their agreements with BOA – Trial Period Plans or TPPs – "resulted in longer payoff times, higher principal balances, increased accrued interest, and additional charges and fees related to delinquency and default." *George*, 833 F.3d at 1261. Further, the court held "that the language in BOA's TPP documents clearly and unambiguously promises to provide permanent HAMP loan modifications to borrowers who comply with the terms" even though such documents varied in terminology and presentation. *Id*. at 1260. The court even discounted "distinctions" between the allegations of plaintiff Darrell Dalton, who received different TPP documents and alleged different interactions with BOA than the other plaintiffs, and specified that the court's "analysis and conclusions regarding the promissory estoppel claim apply equally to all of the plaintiffs." *Id*. at 1261 n.9.

Thus, the court found that plaintiffs sufficiently pled allegations that, in spite of the variability of the plaintiffs' individual allegations, could lead to an inference of detrimental reliance based on plaintiffs making payments pursuant to their TTPs that "left plaintiffs in worse financial positions relative to their mortgages." *Id*. at 1262; *see also CGC*, 773 F.3d at 1090 (discussing *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 119 (2d Cir. 2013), where the Second Circuit found "circumstantial proof of classwide reliance in the fact that class members made payments pursuant to the agreements"). Thus, while individualized differences may prevent certification on particular issues, BOA has not shown that it is impossible that plaintiffs will be able to define subclasses to avoid a predominance of individualized issues.

BOA also argues that the Court should apply principles of comity to *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2013 WL 4759649 (D. Mass. Sept. 4, 2013) ("*HAMP*"), where BOA claims that the plaintiffs' counsel "unsuccessfully sought to certify a class of allegedly aggrieved loan-modification seekers." Docket No. 69 at 3. However, although both this case and *HAMP* involve a promissory estoppel claim, the claims are otherwise different. *See HAMP*, 2013 WL 4759649, at *1; Docket No. 12. The *HAMP* plaintiffs sought to certify classes on all issues related to liability. *HAMP*, 2013 WL 4759649, at *1. BOA notes that "whether each plaintiff fulfilled his obligations under his TPP" is the issue that the *HAMP* court found precluded class certification because it "depends on a nearly endless series of individual questions." 2013 WL 4759649, at *10. By contrast, plaintiffs here state that they intend to use subclasses to seek class certification on a subset of the issues in the

case pursuant to Fed. R. Civ. P. 23(c)(4). Docket No. 74 at 5. It is possible that plaintiffs will, in defining subclasses, minimize individualized issues by relying on defendants' actions to determine whether plaintiffs fulfilled their obligations under their TPPs. *See George*, 833 F.3d at 1261 ("BOA eventually sent permanent loan modification offers to the Leavitts and George. According to the plaintiffs, this indicates BOA determined that (1) the plaintiffs were eligible for permanent modifications and (2) they complied with the terms of their respective TPPs."). Once again, BOA has not shown that it is impossible that plaintiffs will be able to define subclasses to avoid a predominance of individualized issues.

With respect to BOA's fallback position – that the Court should dismiss the plaintiffs' promissory estoppel claims for the states where the named plaintiffs do not reside for want of standing – plaintiffs argue that the Court should wait until after discovery to resolve the issue. Docket No. 74 at 12-13. However, in every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Whether plaintiffs have standing is an issue of subject matter jurisdiction. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). The Supreme Court has recognized that in limited instances class certification issues are "logically antecedent to Article III concerns," but plaintiffs do not argue that this is such a case. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815,

831 (1999) (internal quotation marks omitted). Thus, the Court takes up the issue at this time.

Courts are divided on the issue of whether named plaintiffs in a putative class action have standing to bring claims under the law of states where the named plaintiffs do not reside. *Compare Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2011 WL 2791331, at *10 (D. Colo. July 14, 2011) ("Plaintiff lacks standing to bring claims under state laws to which Plaintiff has never been subjected and the class action claim must therefore be dismissed for lack of standing.") *with Dragoslavic v. Ace Hardware Corp.*, 2017 WL 3500019, at *4 (E.D. Tex. Aug. 16, 2017) ("[T]his Court is not persuaded that where a plaintiff resides or suffers an injury has anything to do with Article III standing."). The Court agrees with courts that have held that where a named plaintiff resides or suffers an injury is not determinative of whether they have Article III standing. As the Seventh Circuit explained, "[p]laintiffs have standing if they have been injured, the defendants caused that injury, and the injury can be redressed by a judicial decision." *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102-04 (1998)). Plaintiffs sufficiently allege that their reasonable reliance on defendants' promises led to financial losses and that such losses were caused by defendants. *George*, 833 F.3d at 1262. Accordingly, because plaintiffs have demonstrated a case or controversy with defendants that can be redressed by a judicial decision, plaintiffs have shown that they have Article III standing. *Morrison*, 649 F.3d at 536. Whether plaintiffs have a valid cause of action under the laws of any particular state is a separate matter, but one that is not at issue

here.  *Steel Co.*, 523 U.S. at 89 ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional *power* to adjudicate the case." (emphasis in original) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 196, n.8 (2d ed.1990))); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").  Therefore, the Court will not dismiss plaintiffs' promissory estoppel claims brought under the law of states where the named plaintiffs do not reside.

For the foregoing reasons, it is

**ORDERED** that the Motion of Defendant Bank of America, N.A. to Strike Class Allegations [Docket No. 69] is **DENIED**.

DATED September 21, 2017.

            BY THE COURT:

             s/Philip A. Brimmer
             PHILIP A. BRIMMER
             United States District Judge