IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01819-PAB-KLM

RICHARD GEORGE,
STEVEN LEAVITT,
SANDRA LEAVITT,
DARRELL DALTON,
    and all others similarly situated,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Intervene by Ajay Sood, A Victim of Bank of America, N.A.'s H.A.M.P. Fraud** [#85],[1] and Movant Zadie B. Davis' **Motion to Intervene Under F.R.C.P. 24(b) Re: H.A.M.P. Loan Modification Fraud** [#90]. Defendant filed Responses [#91, #97] in opposition to the Motions [#85, #90]. Plaintiffs filed a Joinder [#93] in Defendant's opposition to Mr. Sood's request to intervene. No Replies have been filed in support. The Court has reviewed the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [#85, #90] be **DENIED**.

---

[1] "[#85]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

## I. Discussion

Plaintiffs, on behalf of themselves and a nationwide class, initiated this lawsuit on July 10, 2013. *Compl.* [#1]. They bring claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and promissory estoppel. *Am. Compl.* [#12] at 82-92. Plaintiffs allege that Defendant engaged in mail and wire fraud and extortion through its administration of the Home Affordable Modification Program ("HAMP"), a federal government program launched to give mortgage servicers an incentive to modify loan terms for delinquent borrowers. *Id.* at 11; 82-92.

Both Movants are pro se litigants.[2] They each assert, in essence, that they should be permitted to intervene as Plaintiffs because their claims share a common question of law or fact with the main action.

## II. Legal Standard

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b)(1)(B), which provides that, on timely motion, the Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." If this threshold inquiry is met, the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Other factors to consider are "whether the would-be intervenor's input adds value to the

---

[2] The Court must construe the filings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigants' advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

existing litigation; . . . whether the petitioner's interests are adequately represented by the existing parties; . . . and the availability of an adequate remedy in another action." *Rocky Mountain Wild v. Kornze*, No. 13-cv-1988-AP, 2014 WL 536946, at *1 (D. Colo. Feb. 11, 2014) (citing *Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008)). Whether or not to grant a motion for permissive intervention under Rule 24(b) is within the Court's discretion. *See, e.g.*, *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

### III. Analysis

As an initial matter, Mr. Sood's Motion [#85] is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). He states that "Movant is willing to appear in court to testify and present evidence in support of his claims," yet he has not explained what those claims might be. Mr. Sood has provided bare facts alleging that he "approached [Defendant] for a HAMP loan modification" in 2010, was pushed instead into refinancing his loan, and was "defrauded . . . in the amount of $16,500." *Sood's Motion* [#85] at 2. These facts do not indicate that Mr. Sood has a "claim or defense that shares with the main action a common question of law or fact" because the proposed classes in this matter consist of individuals who applied for a HAMP modification, and Mr. Sood does not allege that he did so. *See* Fed. R. Civ. P. 24(b)(1)(B); *Rocky Mountain Wild*, 2014 WL 536946, at *1. Additionally, Mr. Sood's assertion that "[c]omplete relief cannot be granted without the intervention of the Movant" is unpersuasive, as it is not supported by further explanation. *Sood's Motion* [#85] at 2. Accordingly, the Court respectfully **recommends** that Mr. Sood's Motion [#85] be **denied**.

Ms. Davis' Motion [#90] unfortunately fares no better. Ms. Davis asserts that she was provided a trial loan modification under the HAMP program, successfully completed the trial payments, yet was never provided with a permanent loan. *Davis' Motion* [#90]. While these allegations tend to show that Ms. Davis' potential claim may share a common question of law or fact with the main action, she has provided no explanation of why her interests are not adequately protected by the current Plaintiffs, or how her input would add value to the litigation. *See Rocky Mountain Wild*, 2014 WL 536946, at *1; *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015) ("While not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention.") (quoting *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 249 (D.N.M. 2008)). Moreover, considering the age of the case, it is plausible that permitting Ms. Davis to intervene at this late stage may unduly delay or prejudice adjudication of the existing parties' rights. Fed. R. Civ. P. 24(b)(3).

Lastly, the Court notes that, if the class certification is successful, denying Ms. Davis' request to intervene does not preclude her future ability to become part of the class.[3] *See Clark v. State Farm Mut. Auto. Ins. Co.*, No. 00-CV-01841-LTB-PAC, 2007 WL 1850996, at *4 (D. Colo. June 25, 2007) ("The proposed intervenors do not explain how their interests will be impaired if their motion is denied. If a class in this case is certified, they still may, if

---

[3] The Court does not address here Defendant's argument that Ms. Davis is estopped from bringing these claims because she has already litigated these issues in a prior lawsuit. *See Response* [#97] at 2. Thus, the Court is not commenting generally on Ms. Davis' eligibility to join the class.

they qualify, become part of the class.").

Accordingly, the Court respectfully **recommends** that Ms. Davis' Motion [#90] be **denied**.

## IV. Conclusion

For the foregoing reasons,

The Court respectfully **RECOMMENDS** that the Motions [#85, #90] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 19, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge